UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JANICE L. PEPE,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**CAVALRY SPV I, LLC, et al.,**<br><br>    **Defendants.** | Civ. No. 2:15-08634 (WJM)<br><br>**OPINION** |

## WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Janice Pepe brings this Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") action against Cavalry SPV I, LLC and other John Doe Defendants (hereinafter, "Cavalry"). Pepe alleges that Cavalry violated the FDCPA by bringing a time-barred state court debt collection action against her.

Discovery has not yet commenced, but Pepe has filed the following motions before the Court: (1) a motion for partial summary judgment, arguing that Cavalry has violated the FDCPA as a matter of law; (2) a motion to dismiss Cavalry's recoupment counterclaim; (3) a motion to strike Cavalry's statute of limitations affirmative defense, which Cavalry consents to. Cavalry cross-moves under Rule 56(d) to deny Pepe's motion for summary judgment or, in the alternative, defer consideration of Pepe's summary judgment motion until discovery is complete. There was no oral argument. Fed. R. Civ. P. 78(b).

For the reasons described below, Pepe's partial motion for summary judgment is **DENIED without prejudice to renewal upon the completion of discovery**; it follows that Cavalry's cross-motion is **GRANTED**. Pepe's motion to dismiss Cavalry's counterclaim is **GRANTED**, and Pepe's unopposed motion to strike is **GRANTED**.

## I. BACKGROUND[1]

### A. Underlying Factual Background

According to Pepe's Complaint, in 2005, Pepe entered into a credit card agreement with MBNA America Bank (which later merged to become Bank of America). ECF doc. 4-4, p. 10. Pepe agreed to pay the minimum payment shown on her monthly statement by the payment due date each month, or else she would be deemed in default. *Id*. at 28-31. The Agreement had a choice of law provision, which stated that it was "governed by the laws of Delaware (without regard to its conflict of laws principles) and by any applicable federal laws." *Id*. at 36. According to a redacted copy of the "final bill" attached to Pepe's Complaint, Pepe had an outstanding total balance of $19,551.76 with a payment due date of February 3, 2010. *Id*. at 4. Pepe apparently failed to pay the minimum monthly balance, and was deemed in default. In February 2012, Bank of America assigned Pepe's outstanding debt to Cavalry. ECF doc. 8 at 10.

### B. State Court Proceedings

In January 2015, Cavalry, as assignee of Pepe's credit card debt, filed a debt collection action for $19,551.76 against Pepe in New Jersey state court. ECF doc. 4-4 at 1-3. Pepe initially answered the complaint pro se, and denied ownership or knowledge of the debt. *Id*. at 6-8. She subsequently obtained counsel, and moved to amend her answer to assert a statute of limitations defense. *Id*. at 26. In March 2016, this motion was denied. ECF doc. 26, Ex. A. The parties dispute the extent to which discovery has been conducted in state court; in any case, neither side has provided this Court with any documents produced in state court since Pepe raised her statute of limitations defense. Trial is currently set for June 6, 2016. *Id*.

### C. The Instant Action

Meanwhile, in December 2015, Pepe filed a Complaint in this Court against Cavalry. ECF doc. 1. Pepe alleges that, in commencing the state court debt collection action, Cavalry violated several provisions of the FDCPA and the New Jersey Consumer Fraud Act. ECF doc. 1. Specifically, Pepe contends that the cause of action accrued on February 4, 2010 (the day after payment on the final bill came due) but that the state court action was not commenced until January 5, 2015 – more than 4 years and 11 months later. Pepe argues that, because the Agreement contains a Delaware choice of law provision, and Delaware enforces a three-year statute of limitations on debt collection actions, the action was time barred and thus, violates the FDCPA.

---

[1] The facts are drawn from Pepe's Complaint and filings submitted in connection with her motion for summary judgment. Because discovery has not yet commenced, Cavalry has not had an opportunity to fully prepare a counterstatement of facts; however, it is noted by the Court that Cavalry generally disputes the authenticity of some underlying documents and Pepe's statement of facts.

Twelve days after Cavalry was served with the Complaint – and before discovery had commenced – Pepe moved for partial summary judgment on her FDCPA claim, arguing that Cavalry's liability was clear as a matter of law. ECF doc. 4.

In its answer, Cavalry asserts, *inter alia*, an affirmative defense that, if a violation of the FDCPA occurred, it was unintentional and resulted from a bona fide error. Cavalry also asserts a counterclaim for recoupment against any sums awarded to Pepe. ECF doc. 8. Pepe moves to dismiss Cavalry's recoupment claim. ECF doc. 11.[2]

Cavalry also opposes Pepe's motion for summary judgment, arguing that New Jersey law (which provides a six-year statute of limitations) applies to the debt collection action and, therefore, that action is not time-barred. Cavalry further argues that, even if the action is time-barred, any violation of the FDCPA in bringing a time-barred action was unintentional. ECF doc. 9. Cavalry has also moved, under Rule 56(d), to deny or defer consideration of Pepe's motion for summary judgment until factual discovery is completed. ECF doc. 21. In its supporting affidavit, Cavalry asserts that discovery must be conducted before the Court undertakes its choice of law analysis. *Id*.

## II.  SUMMARY JUDGMENT MOTIONS

### A. Legal Standard

Federal Rule of Civil Procedure 56 provides for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A party must support its position by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[,] . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the record in the light most favorable to the non-moving party while drawing all reasonable inferences in that party's favor. *Bowers v. NCAA*, 475 F.3d 524, 535 (3d Cir. 2007).

Under Rule 56(d), "a party seeking further discovery in response to a summary judgment motion [must] submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Dowling v. City of Phila.,* 855 F.2d 136, 139–40 (3d Cir. 1988). "District courts usually grant properly filed [Rule 56(d)] motions as a matter of course." *St. Surin v. Virgin Islands Daily News, Inc*., 21 F.3d 1309, 1314 (3d

---

[2] Pepe also moves to strike Cavalry's seventh affirmative defense (statute of limitations). Cavalry consents, ECF doc. 25; accordingly, that unopposed motion is **GRANTED**.

Cir. 1994) (internal citations omitted). In fact, "[i]f discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." *Shelton v. Bledsoe,* 775 F.3d 554, 568 (3d Cir. 2015) (citing *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007)).

### B. Pepe's Partial Motion for Summary Judgment Must be Denied

Cavalry argues that summary judgment must be denied under Rule 56(d) because discovery is incomplete as to Pepe's FDCPA claim.[3] The Court agrees.

"To prevail on an FDCPA claim, a plaintiff must prove that: (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citation omitted). A "debt collector's filing of a lawsuit on a debt that appears to be time-barred, without the debt collector having first determined after a reasonable inquiry that that limitations period has been or should be tolled" violates the FDCPA. *Kimber v. Federal Fin. Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987) (seminal authority); *see also Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3d Cir. 2011) (citing to and "agree[ing] with the logic underlying [*Kimber*]"). However, a debt collector may not be held liable in any action brought under the FDCPA if the debt collector shows that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c).

Here, the Court simply does not have enough facts before it to decide Pepe's summary judgment motion, and Cavalry has not had "an adequate opportunity to obtain discovery." *Dowling,* 855 F.2d at 138–39. Pepe filed the present summary judgment motion merely twelve days after serving Cavalry with the Complaint; discovery remains incomplete as to several material facts. *Doe*, 480 F.3d at 257. For example, Cavalry challenges the authenticity and enforceability of the Agreement containing the Delaware choice of law provision, and avers that Pepe, too, has challenged its authenticity in state court. But even assuming that Delaware's three-year statute of limitations does apply, other material questions of fact persist: Has that limitations period been tolled? Did Cavalry conduct a "reasonable inquiry" into whether the limitations period had tolled? Did Cavalry's alleged FDCPA violation result from a bona fide error?

---

[3] The Court briefly notes that Cavalry's Rule 56(d) motion should have been served with its original opposition to Pepe's summary judgment motion, rather than as a later, separate filing. *See generally* Local Rule 7.1(d)(6) ("no sur-replies are permitted without permission of the Judge . . . to whom the case is assigned."). But the "unambiguous text of [Rule 56] does not require an opposition on Rule 56(d) grounds to be formally styled as a motion," *Shelton*, 775 F.3d at 566, and, since Cavalry ultimately filed the requisite Rule 56(d) affidavit, the Court finds that Cavalry has substantially complied with Rule 56(d).

At the very least, Cavalry's belief that New Jersey's six-year statute of limitations, and not Delaware's three-year statute of limitations, applies – a question that the Court need not resolve at this juncture – indicates the possibility of a bona fide error defense. *See Taylor v. Luper, Sheriff & Niedenthal Co., L.P.A.,* 74 F. Supp. 2d 761 (S.D. Ohio 1999) (debt collector's time-barred lawsuit was a bona fide error, due to conflicting case law); *Simmons v. Miller,* 970 F. Supp. 661, 664 (S.D. Ind. 1997) (FDCPA, which "seeks to proscribe *intentional* creditor misconduct" not applicable to a collection suit that may not have been time barred due to lack of clarity as to what limitations apply under Indiana law); *Almand v. Reynolds & Robin, P.C.,* 485 F. Supp. 2d 1361, 1367 (M.D. Ga. 2007) ("the uncertainty regarding exactly which statute of limitations applies results in a finding of no violation of the FDCPA . . . ."). Accordingly, Pepe's motion for partial summary judgment is **DENIED** without prejudice to renewal upon the completion of discovery; Cavalry's Rule 56(d) motion is **GRANTED**.

### III.  MOTION TO DISMISS

#### A.  Legal Standards

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a claim for lack of subject matter jurisdiction. As is the case here, if a Court lacks original jurisdiction over a claim (a point that Cavalry does not contest), it may, in its discretion, exercise supplemental jurisdiction over the claim under 28 U.S.C. § 1367. Pursuant to § 1367, federal courts have the power to hear a state claim if the federal claim has "substance sufficient to confer subject matter jurisdiction on the court," and the state and federal claims "derive from a common nucleus of operative facts." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966). "The decision to exercise this power, on the other hand, remains open, and should be based on considerations of judicial economy, convenience and fairness to the litigants." *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1505 (3d Cir. 1996) (internal citations and quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a claim, in whole or in part, if the pleader fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the pleading as true and view them in the light most favorable to the pleader. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

#### B.  Cavalry's Recoupment Claim Must be Dismissed

In its motion to dismiss Cavalry's recoupment affirmative defense and counterclaim ("the recoupment claim"), Pepe argues that the Court should decline to

exercise supplemental jurisdiction over the recoupment claim and that, in any event, Cavalry has failed to state a claim under Rule 12(b)(6). The Court agrees.

Recoupment "is the setting up of a demand arising from the *same transaction* as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim." *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1399 (9th Cir. 1996) (internal citations omitted) (emphasis in original); *see also In re Frescati Shipping Co., Ltd.*, 718 F.3d 184, 214 (3d Cir. 2013) ("Equitable recoupment is a principle that diminishes a party's right to recover a debt to the extent that the party holds money or property of the debtor to which the party has no right . . . . The competing claims must arise from the 'same transaction.'" (internal citations omitted)). The justification for the recoupment doctrine is that where the creditor's claim against the debtor arises from the same transaction as the debtor's claim, it is essentially a defense to the debtor's claim against the creditor rather than a mutual obligation. *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir. 1984). However, the mere fact that a contract exists between the debtor and creditor does not automatically enable the creditor to effect a recoupment. *In re Univ. Med. Ctr.,* 973 F.2d 1065, 1080 (3d Cir. 1992).

The Court declines to exercise supplemental jurisdiction over Cavalry's recoupment claim for the same reason that the claim must be dismissed under Rule 12(b)(6): Cavalry's recoupment claim does not arise from the same transaction as Pepe's FDCPA claim. Quite simply, the "transaction" underlying Pepe's FDCPA claim is Cavalry's filing of the state court collection action. The "transaction" underlying Cavalry's recoupment claim, on the other hand, is the debt itself. Cavalry argues that it has stated a valid recoupment claim because both claims generally arise out of Pepe's debt. But "the fact that the same two parties are involved, and that a similar subject matter gave rise to both claims . . . does not mean that the two arose from the 'same transaction.'" *Lee*, 739 F.2d at 875-76. Rather, as is the case here, "different operative facts" underlie a "typical debt collection action" and an FDCPA action. *Jackson v. Midland Funding*, LLC, 468 F. App'x 123, 125-26 (3d Cir. 2012); *see also Peterson v. United Accounts, Inc.,* 638 F.2d 1134, 1137 (8th Cir. 1981) ("the two claims [*i.e.*, the FDCPA and the debt claim] bear no logical relation to one another"). Accordingly, Pepe's motion to dismiss Cavalry's recoupment claim is **GRANTED**. Because a recoupment counterclaim cannot survive in this action, amendment would be futile; therefore, the claim is **DISMISSED with prejudice**.

6

## IV. CONCLUSION

For the above reasons, Pepe's motion for summary judgment is **DENIED** and Cavalry's Rule 56(d) motion is **GRANTED**. Pepe's motions to dismiss and strike are **GRANTED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 26, 2016**